UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MARTIAL JEAN FELIX, *pro se*,

              Plaintiff,

      -v-

DOUGLAS AVILA,

             Defendant.
-------------------------------------------------------x

**SUMMARY ORDER**
13-CV-983(DLI)(LB)

**DORA L. IRIZARRY, United States District Judge.**

On February 20, 2013, plaintiff Martial Jean Felix, filed the instant *pro se*[1] action. (*See* Complaint ("Compl."), Dkt. Entry No. 1.) Plaintiff's request to proceed *in forma pauperis* (Dkt. Entry No. 3) is granted for purposes of this Order. For the reasons set forth below, the complaint is dismissed for failure to state a claim. However, closure of the case is stayed until April 1, 2015 to permit plaintiff to file an amended complaint.

## DISCUSSION

Plaintiff alleges that his son was beaten up at school by a fellow student and that subsequently his son was suspended from school. (Compl. 2.) Plaintiff alleges that the defendant, who is the Principal of the school where the incident took place, failed to discipline the other student as that student is his nephew. (*Id.*) Plaintiff alleges that his son was discriminated against by school officials based on his color and Plaintiff seeks to "press charges against the Principal and his aunt." (*Id.*)

---

[1] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F. 3d 434, 437 (2d Cir. 1998) (internal citation omitted). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F. 3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Turning to the instant action, it is well settled that "a private citizen does not have a constitutional right to bring a criminal complaint against another individual." *Price v. Hasly*, 2004 WL 1305744, *at 2 (W.D.N.Y. June 8, 2004) (citing *Leeke v. Timmerman*, 454 U.S. 83 (1981)). Therefore, to the extent that plaintiff brings this action solely to "press charges" against the Principal of the school, the action is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Nevertheless, in an abundance of caution and in deference to plaintiff's *pro se* status, the Court grants plaintiff leave to file an amended complaint within thirty (30) days, *i.e.*, by no later than April 1, 2015, to clarify who the parties to the action are, and to allege a basis for the Court's exercise of jurisdiction. *See Cruz v. Gomez*, 202 F. 3d 593 (2d Cir. 2000). First, plaintiff should clarify whether he brings the action on his behalf or on behalf of his child.

2

Notably, a parent may not bring an action on behalf of his or her child without representation by counsel. *See, e.g.*, *Tindall v. Poultney High Sch. Dist.*, 414 F. 3d 281, 284 (2d Cir. 2005) ("It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child.").

Second, if plaintiff elects to file an amended complaint it must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires plaintiffs to provide a short and plain statement of each claim against each defendant named so the defendants have adequate notice of the claims against them. *See* Fed. R. Civ. P. 8(a).

Third, the complaint must contain allegations that provide a basis for the Court to assume jurisdiction over the subject matter of the case. Although plaintiff does not need to provide the precise statute under which he is seeking relief, he must provide sufficient facts to enable the Court to determine the legal basis for the claim.[2]

Fourth, plaintiff must name each defendant in the caption of the complaint. If plaintiff does not know the name of a particular defendant he may refer to that person as John or Jane Doe, and give his or her position or other identifying information. Plaintiff's statement of facts should include a brief description of what each defendant did or failed to do, and how each defendant's acts or failure to act caused injury. Plaintiff must state the name of the school where the alleged incident took place.

Finally, the complaint must contain a statement as to the type of relief sought.

---

[2] Title VI prohibits programs that receive federal funding from discriminating on the basis of race. 42 U.S.C. § 2000d. To plead discrimination under Title VI, plaintiff must allege that: (1) defendants discriminated against him on the basis of race, (2) the discrimination was intentional, and (3) the discrimination was a substantial or motivating factor for defendants' actions. *See TC v. Valley Cent. School Dist.*, 777 F. Supp. 2d 577, 594 -595 (S.D.N.Y. 2011).

# CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is granted for the purpose of this Order. The complaint is dismissed without prejudice and with leave to amend no later than April 1, 2015 in accordance with this Order. Plaintiff is advised that any amended complaint he files will completely replace the original complaint. Plaintiff's amended complaint must be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order. For the convenience of *pro se* plaintiff, "Instructions on How to Amend a Complaint" are attached. All further proceedings shall be stayed until April 1, 2015 so that plaintiff may comply with this Order. If plaintiff fails to file an amended complaint by April 1, 2015, a judgment dismissing the complaint shall be entered. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED:     Brooklyn, New York
              March 2, 2015

                                                /s/
                                         DORA L. IRIZARRY
                                   United States District Judge