UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
MARTIAL JEAN FELIX, *pro se*,

                Plaintiff,

            -against-

DOUGLAS AVILA,

                Defendant.

----------------------------------------------------------------------x

**SUMMARY ORDER**
13-CV-983(DLI)(LB)

**DORA L. IRIZARRY, United States District Judge:**

On February 20, 2013, *pro se* Plaintiff Martial Jean Felix ("Plaintiff") filed the instant action seeking to "press charges" against the principal of the local school where Plaintiff's son attended classes and allegedly was "beaten up" by a fellow student. (*See* Compl., Dkt. Entry No. 1.) The complaint alleged that the principal discriminated against and suspended Plaintiff's son after the incident, while declining to punish the other student involved in the altercation. By Order dated March 2, 2015, this Court granted Plaintiff permission to proceed *in forma pauperis*, but dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted, without prejudice to file an amended complaint no later than April 1, 2015, in light of Plaintiff's *pro se* status. (*See* March 2, 2015 Order.)

The April 1, 2015 deadline passed without Plaintiff filing an amended complaint, but judgment dismissing the action was not yet entered when, on August 6, 2015, Plaintiff wrote to the Court to request leave to file an amended pleading. (*See* Dkt. Entry No. 6.) On August 14, 2015, without permission from the Court, Plaintiff filed an amended complaint. (*See* Am. Compl., Dkt. Entry No. 7.) Even if the Court were to permit Plaintiff to file an amended pleading belatedly, the amended complaint still must be dismissed for substantially the same reasons as set forth in this Court's March 2, 2015 Order.

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, as a threshold matter, the amended complaint makes clear that Plaintiff improperly and impermissibly brings this action *pro se* on behalf of his son. *See Tindall v. Poultney High School Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child.")

Moreover, the amended complaint merely repeats Plaintiff's allegation that his son was beaten up by a fellow classmate, which does not provide a basis for federal jurisdiction. While the amended complaint also alleges that unspecified "students" and "adults, such as staff members [at the school]," insulted and "violated" his son on account of his race, Plaintiff does not identify any specific improper acts by the school or its principal other than the suspension of his son following the fight. However, the amended complaint expressly attributes that act to the principal's familial relationship with the other student involved in the altercation, not to any discriminatory animus.

In any event, Plaintiff concedes that the "charges" and "susspension [*sic*]" against his son were dropped following a hearing. (*See* Am. Compl. at 1-2). As such, Plaintiff does not ask for any cognizable relief but, rather, seeks "justice" for the insults, negative language, and other unspecified violations that unnamed persons have directed at his son. (*See id.* at 2.) In light of Plaintiff's failure to plead a claim of discrimination, any other federal claim, or a cognizable request for relief, the Court finds that the amended complaint, even had it been timely filed, must

be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the foregoing reasons, this action is dismissed in its entirety, with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      October 23, 2015

/s/
DORA L. IRIZARRY
United States District Judge